EMMA WOLPER, Appellant, v. ETHEL REDFIELD and Another, Respondents.

Supreme Court, Appellate Term, Second Department, January, 1927.

**Landlord and tenant — lease — action by tenant for landlord's failure to furnish premises in same manner as when lease was executed — testimony to identify furniture did not tend to vary lease — tenant could not purchase new furniture of different character — measure of damages is difference in rental value.**

In this action by a tenant for damages arising from defendants' failure to furnish the premises in the same manner as they were furnished when the lease was executed, it was proper for the court, in order to identify the furniture covered by the lease, to take testimony, since such testimony did not tend to vary the contract. However, the tenant could not go out and purchase furnishings of an entirely different character, assuming that the furniture agreed on was not in the premises.

The proper measure of damages is the difference in rental value of the premises as they would have been had there been no change in the furniture and the actual rental value of the premises as they were delivered to the tenant.

APPEAL by plaintiff from a judgment of the Municipal Court of the City of New York, Borough of Queens, Fifth District, in favor of the defendants.

*Herman Bachrach*, for the appellant.

*Abner H. Pike*, for the respondents.

PER CURIAM. Judgment and order unanimously reversed upon the law, and new trial granted, with thirty dollars costs to the appellant to abide the event.

The tenants claimed that the furniture which was in the premises when they took possession was not the furniture which was in the premises when the lease was signed. For the purpose of identifying the furniture covered by the lease, the court was justified in taking testimony. Such testimony did not tend to vary the contract.

The tenants could not, however, assuming that the furniture agreed on was not in the premises, go out and purchase furnishings of an entirely different character. The furniture claimed to have been removed was living room and dining room furniture; that which was purchased was purely for bedroom use. No living room or dining room furniture was either purchased or hired.

The proper measure of damage, therefore, was the difference in rental value of the premises as they would have been had there been no change in the furniture, and the rental value of the premises

as they were delivered to the tenant. (*Myers* v. *Burns*, 35 N. Y. 269; *Cook* v. *Soule*, 56 id. 420; *Thomson-Houston Electric Co.* v. *Durant Land Improvement Co.*, 144 id. 34.)

Present — CROPSEY, MACCRATE and LEWIS, JJ.